UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD MAJOR                           CIVIL ACTION

VERSUS                                   NUMBER 09-261-DLD

THE CITY OF BATON ROUGE/PARISH           CONSENT CASE
OF EAST BATON ROUGE, ET AL

<u>ORDER</u>

This matter is before the court on a referral from the district court on plaintiff's motion to compel complete discovery responses (rec.doc. 24), filed herein on February 2, 2010. According to ULLR 7.5M, any opposition to this motion was required to be filed within twenty-one (21) days after service.  Defendants' response to the motion was due February 26, 2010, but as of May 12, 2010, the court has not received such response.

Plaintiff stated in his motion that he propounded interrogatories and requests to production to defendants City of Baton Rouge/Parish of East Baton Rouge and Jeff LeDuff ("defendants") on September 3, 2009, and while some responses were provided, those responses were incomplete. Generally speaking, plaintiff seeks the employment files of the three officers, copies of certain training files and protocol manuals/memoranda, and certain documents disclosed by defendants but not provided. Plaintiff contends he has attempted to resolve the outstanding issues with defendants, but has been unsuccessful, even though two discovery conferences were held wherein defendants agreed to provide additional responses.  When those responses were not forthcoming, plaintiff scheduled another discovery conference for January 29, 2010; however, defendants failed to participate in that conference, which resulted in the present motion being filed.

***Background***

On or about May 3, 2008, plaintiff was arrested at his home by officers of the Baton Rouge Police Department.  Officers Rucker, Lee, and Nealond were the responding officers, and plaintiff alleges that while the officers were arresting him, they used excessive force in restraining him, and once he was restrained in the back of the police vehicle, he was physically assaulted by a blow to the face from Officer Rucker, which resulted in plaintiff's suffering a broken jaw.  Plaintiff filed the instant suit on May 1, 2009, pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.[1]  (rec. doc. 1)

### GOVERNING LAW

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). Once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery.  Once this showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed.  *Andritz Sprout- Bauer, Inc. v. Beazer East*, *Inc.*, 174 F.R.D. 609 ( D.C. Pa. 1997). A showing of sufficient reason requires that the responding party clarify and explain their objections, and provide support for those objections. *Krawczyk v. City of Dallas, 2004 WL 614842*, *6 (N.D.Tex. Feb.27, 2004) (*citing Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, *2 (D.Conn. Oct.23, 2002)).

---

[1] Plaintiff also brings a claim under La. CC. art 2320.

-2-

## DISCUSSION AND ANALYSIS

### The Employment Files

Beginning with the requests for employment files, the court notes that plaintiff contends that the defendant officers have agreed to sign releases which would authorize the Baton Rouge Police Department to produce their employment records.   Plaintiff forwarded a copy of the proposed release form to defendants, but defendants allegedly have failed to review the proposed release form or provide a similar form of their own. Plaintiff also has acknowledged that defendants could redact confidential personal financial information in accordance with *Gravolet v. Tassin*, 2009 WL 1210877, 1 (E.D. LA. 05/04/2009), and point out that the officers are named parties to this suit.

Defendants failed to file an opposition to the motion to compel.  Their objections to the requests for the officers' employment files (Requests nos. 3 and 10)[2] generally reflect that, pursuant to LSA-Const. Art 1, §5, LSA-Const. Art. 12, §3, LSA-R.S. 44:1, *et seq.*, and

---

[2] **Request No. 3:** The personnel file and all Bureau of Internal Affairs' files on each named defendant in this lawsuit.

**Response No. 3**: The City of Baton Rouge objects to producing employee personnel files pursuant to LSA-Const. Art 1, §5, LSA-Const. Art. 12, §3, LSA-R.S. 44:1, et seq., and LSA-R.S. 40:2532.  Police officers, as public employees, have a legitimate privacy interest in their respective personnel file.  *See, East Bank Consolidated Special Service Fire Protection District, et al. v. Crossen*, 07-CA-838, 892 So.2d 666 (La. App. 5 Cir. 12/28/04), *writ denied*, 897 So.2d 608, 2005-0212 (La. 04/01/05).  See the attached Baton Rouge City Police Department's Internal Affairs records.

**Request No. 10**: All personnel and/or other employment-related files maintained concerning each defendant officer's employment, duty assignments, work performance evaluations, disciplinary actions, reprimands, promotions, demotions, transfers, separations from employment (including resignations and discharges), and citizen complaints regarding the officer's behavior and treatment of the public.

**Response No. 10**: See attached Baton Rouge City Police Department's Internal Affairs Division reports.  The City of Baton Rouge objects to producing employee personnel files pursuant to LSA-Const. Art 1, §5, LSA-Const. Art. 12, §3, LSA-R.S. 44:1, et seq., and LSA-R.S. 40:2532.  Police officers, as public employees, have a legitimate privacy interest in their respective personnel file.  See, East Bank Consolidated Special Service Fire Protection District, et al. v. Crossen, 07-CA-838, 892 So.2d 666 (La. App. 5 Cir. 12/28/04), writ denied, 897 So.2d 608, 2005-0212 (La. 04/01/05).

LSA-R.S. 40:2532, the officers have a legitimate privacy interest in their employment files as they are public employees, and therefore these records are not discoverable.

Defendants' objections are unpersuasive as they failed to provide clarify and explain their objections, and further failed to provide support for those objections.  Further, the officers have agreed to release the employment records, and while there may be a privacy interest at issue here, it is not one that encompasses all records, regardless of their contents.[3]  Instead, the court must weigh the public records disclosure interest against the privacy interest.  Here, plaintiff seeks only the records concerning the officers' discharge of their duties, requesting files concerning their assignments, performance evaluations, disciplinary actions, reprimands, changes in status, and citizen complaints against these officers.  Plaintiff does not seek other personal information, such as rate of pay, health information, social security or driver license numbers, etc. Given that plaintiff's requests are relevant to his claims, it is defendants' burden to demonstrate that, regardless of the relevancy of the requests, the records should be protected from disclosure due to the officers' privacy interest in their employment records.  Thus, as defendants failed to provide any kind of showing of sufficient reason as to why their privacy interests outweigh the public's right to disclosure, the court will order that the defendant officers execute a Release Form, and that the records be produced after redaction in accordance with *Gravolet*.

---

[3] The court is aware that defendants have produced the Internal Affairs records concerning this incident.  However, plaintiff is entitled to those records relating to the officers' discharge of their official duties, wherever it may be located.  *See City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, L.L.C.*, 4 So.3d 807, (La.App. 1 Cir. 2008) ("Although police officers may have a legitimate privacy interest in certain narrowly circumscribed portions of files concerning their off-duty, private conduct, they do not enjoy a reasonable expectation of privacy with respect to records concerning only how they discharge their official duties. *LSA-Const. Art. 1, § 5; LSA-R.S. 40:2532, 44:1 et seq.*")

*The Training Files and Protocol Manuals*

Plaintiff requested a copy of all training files and protocol manuals relating to the operation and performance of the department and its officers, as plaintiff believes the practices and customs of the Baton Rouge Police Department are in violation of constitutionally protected rights.  Defendants objected on the grounds that the request was overly broad, unduly burdensome, not likely to lead to relevant evidence, and protected from disclosure under LSA-R.S. 44:3(A)(3).  Plaintiff responded by culling down the number and type of requested police policies, and provided defendants with a revised list (Exhibit "J" to motion to compel).  Defendants did not respond to the shortened list provided by plaintiff, and did not respond to the motion to compel.

Louisiana Revised Statute 44:1 is the public records statute pertaining to the records kept by police departments, and reads, in pertinent part, as follows:

§ 3. Records of prosecutive, investigative, and law enforcement agencies, and communications districts

A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are:

. . .

(3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, criminal intelligence information pertaining to terrorist-related activity, or threat or vulnerability assessments collected or obtained in the prevention of terrorist-related activity, including but not limited to physical security information, proprietary information, operational plans, and

the analysis of such information, or internal
security information; or . . . .

LSA-R.S. 44:3(A)(3)

In this case, plaintiff specifically raised two claims: 1) that the customs and policies
of the Baton Rouge Police Department were the cause of the deprivation of plaintiff's
constitutional rights, and 2) that there was a failure to properly hire, train, and supervise the
officers. (Rec. doc. 1, pg 6) Thus, plaintiff is entitled to discovery relating to these claims,
especially given defendants' lack of support for their objections to same.  However, a
review of the polices included in Exhibit "J" indicates that plaintiff has requested some
documents clearly protected by LSA-R.S. 44:3(A)(3), namely, the following records:

1.   *Administrative* - section 143, Video Surveillance Cameras;

2.   *Operations* - Arrest Procedures 213, Departmental Temporary Detention
Facilities;

3.   *Operations* - Communications Procedures, Special Response Procedures;

4.   *Investigations* - Investigative Procedures;

5.   *Administrative Intra-Divisional Procedures*;

6.   *Uniform Patrol Intra-Divisional Procedures*; and

7.   *Criminal Investigations Intra-Divisional Procedure*.

None of the documents described in these categories concern customs or policies in
connection with this plaintiff's constitutional rights violation claim, or his failure to
train/supervise claim, and plaintiff has made no showing that these particular policies are
relevant in relation to his claims. Thus, the court will order only the production of the
remaining records delineated on Exhibit "J" to the motion to compel.

*Inadvertently Omitted Documents*

Lastly, plaintiff contends that the discs attached to IA report 046-8, any audio of Major's interview at Earl K. Long by the internal affairs office, internal affairs report #142-06, and Rucker's automobile accident report of July 23, 2004, were identified in defendants' discovery responses but were not provided.   At the November 6, 2009, discovery conference, defendants agreed to review their records and supplement accordingly, but no supplemental responses have been forthcoming.   The court will order that defendants supplement their discovery responses to specifically include these documents.

## *CONCLUSION*

Defendants have failed to make any kind of showing that supports their objections to the discovery requests herein; however, the court is mindful of the need to protect certain documents from public disclosure.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** in part and **DENIED** in part as follows:

1.      Upon receipt of properly executed Releases, defendants shall supplement their discovery responses to Requests nos. 3 and 10 to include the redacted employment files of the defendant officers;

2.      Defendants shall supplement their discovery response to Request no. 12 to include the policies delineated in Exhibit "J" to the motion to compel not designated by the court as protected from disclosure;

3.      Defendants shall supplement their discovery responses to include the records inadvertently omitted from production; that is, discs attached to IA

report 046-8, any audio of Major's interview at Earl K. Long by the internal affairs office, internal affairs report #142-06, and Rucker's automobile accident report of July 23, 2004; and

4.   Defendants shall supplement all discovery responses no later than fourteen (14) days following the entry of this Order.

**IT IS FURTHER ORDERED** that no fees or costs shall be awarded at this time; however, continued failure to cooperate in discovery may result in the imposition of sanctions.

Signed in Baton Rouge, Louisiana, on May 12, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**