UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD MAJOR** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-261-DLD** |
| **THE CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, ET AL** | **CONSENT CASE** |

## ORDER

This matter is before the court on a referral from the district court on plaintiff's second motion to compel complete discovery responses (rec.doc. 36), filed herein on July 16, 2010. Plaintiff previously filed a motion to compel, which defendants failed to oppose. The court therefore granted the motion with some limitations, and ordered defendants to provide complete discovery responses by May 26, 2010. (rec. doc. 36) According to ULLR 7.5M, any opposition to the present motion was required to be filed within twenty-one (21) days after service; however, the court shortened the response time to July 23, 2010, based on the fact that the court previously had ordered the defendants to respond to the same discovery requests. As of the date of this order, the court has not received such response.

In this motion, plaintiff indicates that a discovery conference was held on June 4, 2010, wherein defendants agreed to provide certain responsive information to plaintiff's narrowed requests. Plaintiff's narrowed requests seek information relating to incidents which occurred during the last 5 years and complaints at issue in this litigation, to which no objection was filed. Plaintiff further alleges that documents were withheld on the basis of privilege, but no privilege log was provided.

*Background*

On or about May 3, 2008, plaintiff was arrested at his home by officers of the Baton Rouge Police Department.  Officers Rucker, Lee, and Nealond were the responding officers, and plaintiff alleges that while the officers were arresting him, they used excessive force in restraining him, and once he was restrained in the back of the police vehicle, he was physically assaulted by a blow to the face from Officer Rucker, which resulted in plaintiff's suffering a broken jaw.  Plaintiff filed the instant suit on May 1, 2009, pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.[1]  (rec. doc. 1)

### *GOVERNING LAW*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). Once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery.  Once this showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed.  *Andritz Sprout- Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 ( D.C. Pa. 1997). A showing of sufficient reason requires that the responding party clarify and explain their objections, and provide support for those

---

[1] Plaintiff also brings a claim under La. CC. art 2320.

-3-

objections. *Krawczyk v. City of Dallas, 2004 WL 614842*, *6 (N.D.Tex. Feb.27, 2004) (*citing Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, *2 (D.Conn. Oct.23, 2002)).

### *DISCUSSION AND ANALYSIS*

As indicated, another discovery conference was held on June 4, 2010, which seemed to result in a meeting of minds insofar as what discovery responses were to be provided.  Defendants failed to: 1) provide discovery responses, which resulted in the first motion to compel; 2) obey a court order to provide timely responses; 3) file an opposition to either motion to compel; and 4) provide a privilege log as to the withheld documents. This constitutes uncooperative and dilatory behavior, especially in light of the impending deadlines and the pretrial conference sent for January 20, 2011.

Accordingly,

In light of the failure to respond to the discovery, to a prior court order, and to this motion in a timely fashion, the motion is **GRANTED** with reasonable costs and fees not to exceed $500, to be borne by defendants and/or their counsel, and defendants are **ORDERED** to file responses to outstanding discovery, including a privilege log, on or before **August 9, 2010**.

Signed in Baton Rouge, Louisiana, on July 30, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**